**EXHIBIT B**

**McElhinney Declaration**

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| NORTH AMERICAN PETROLEUM | ) Case No. 10-11707 (___) |
| CORPORATION USA, *et al.*,[1] | ) |
| | ) |
| Debtors. | ) (Joint Administration Requested) |
| | ) |

## DECLARATION OF DANIEL C. MCELHINNEY IN SUPPORT OF THE MOTION OF NORTH AMERICAN PETROLEUM CORPORATION USA, *ET AL.*, FOR ENTRY OF AN ORDER AUTHORIZING THE EMPLOYMENT AND RETENTION OF EPIQ BANKRUPTCY SOLUTIONS, LLC AS NOTICE, CLAIMS, AND BALLOTING AGENT

Daniel C. McElhinney, Executive Director of Epiq Bankruptcy Solutions, LLC ("Epiq"), being duly sworn, declares the following under penalty of perjury:

1. My name is Daniel C. McElhinney. I am over the age of 18 and competent to testify. I am the Executive Director of Epiq, which specializes in providing a wide-range of administrative services in chapter 11 cases, including noticing, claims processing, balloting, and other related services critical to the effective administration of chapter 11 cases. I am authorized to make this declaration on behalf of Epiq and in support of the Motion (the "Motion")[2] of the above-captioned debtors and debtors in possession (collectively, the "Debtors") for authorization pursuant to 28 U.S.C. § 156(c) to employ and retain Epiq as notice, claims, and balloting agent in connection with these chapter 11 cases. Except as otherwise noted, I have personal knowledge of the matters set forth herein.

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, include: North American Petroleum Corporation USA (9766) and Prize Petroleum LLC (2460). The location of the Debtors' corporate headquarters and the Debtors' service address is: 1401 17th Street, Suite 310, Denver, Colorado 80202-1241, Attn: Tucker Franciscus.

[2] All capitalized terms used but otherwise not defined herein shall have the meanings set forth in the Motion.

## Epiq's Qualifications

2. Epiq specializes in providing comprehensive chapter 11 administrative services including noticing, claims processing, balloting, and other related services critical to the effective administration of chapter 11 cases. Epiq has substantial experience in matters of this size and complexity and has acted as the official notice, claims, and balloting agent in many large bankruptcy cases in this District and other districts nationwide. Indeed, Epiq has developed efficient and cost-effective methods to handle properly the voluminous mailings associated with the noticing, claims processing, and balloting portions of chapter 11 cases to ensure the orderly and fair treatment of creditors, equity security holders, and all parties in interest. Further, Epiq will work with the Clerk's Office to ensure that such mailings conform with all of the Court's procedures, the Local Bankruptcy Rules, and the provisions of any orders entered by this Court.

## Services to be Provided

3. In accordance with the terms and conditions of the Services Agreement, Epiq will provide certain noticing, claims processing, and balloting administration services including, without limitation:

    a. <u>Noticing</u>. Preparing and serving a variety of documents on behalf of the Debtors in these chapter 11 cases, including:

        i. notice of the commencement of these chapter 11 cases and the initial meeting of creditors under section 341(a) of the Bankruptcy Code;

        ii. notice of any auction sale hearing;

        iii. notice of any claims bar date;

        iv. notice of motions, applications, and other requests for relief and related documents;

        v. notice of objections, responses, and replies with respect to requests for relief;

        vi. notice of hearing agendas;

vii. notice of objections to claims;

viii. notice of any hearings on a disclosure statement, a chapter 11 plan, and all documents related thereto; and

ix. other miscellaneous notices to any entities, as the Debtors or the Court may deem necessary or appropriate for the orderly administration of these chapter 11 cases.

b. Claims Administration.

i. maintaining an official claims register in these chapter 11 cases by docketing all proofs of claims and proofs of interests in a database;[3]

ii. processing all proofs of claim and proofs of interest submitted;

iii. maintaining copies of all proofs of claims and proofs of interests filed in these chapter 11 cases;

iv. updating the official claims registers in accordance with orders of the Court;

v. implementing necessary security measures to ensure the completeness and integrity of the claims registers;

vi. transmitting to the Clerk's Office a copy of the claims registers as requested;

vii. maintaining an up-to-date mailing list for all entities that have filed proofs of claims or proofs of interests and making such list available upon request to the Clerk's Office or any party in interest;

viii. providing access to the public for examination of copies of the proofs of claims and proofs of interests filed in these chapter 11 cases;

---

[3] The database will include, without limitation: (a) the name and address of the claimant or interest holder and any agent thereof, if appropriate; (b) the date the proof of claim or proof of interest was received by Epiq or the Court; (c) the claim number assigned to the proof of claim or proof of interest; and (d) the asserted amount and classification of the claim.

ix. recording all transfers of claims pursuant to rule 3001(e) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and, if directed to do so by the Court, providing notice of such transfers as required by Bankruptcy Rule 3001(e);

x. creating and maintaining a case website with general case information, key documents, claim search function, and mirror of the case docket within three days of docketing; and

xi. assisting the Debtors with reconciliation and resolution of claims.

c. Balloting Services. Acting as balloting agent, which may or may not include some or all of the following services:

i. printing ballots and coordinating the mailing of solicitation packages (*i.e.*, ballots, disclosure statement, and chapter 11 plan) to all voting and non-voting parties and providing a certificate or affidavit of service with respect thereto;

ii. establishing a toll-free "800" number to receive and answer questions regarding the voting process with respect to any chapter 11 plan;

iii. receiving ballots at a post office box, inspecting ballots for conformity to voting procedures, date stamping and numbering ballots consecutively, and tabulating and certifying the results; and

iv. preparing voting reports by plan class, creditor or shareholder, and amount for review and approval by the Debtors and their counsel.

4. In addition to the foregoing services and those described in the Motion and the Order, Epiq will provide such other noticing, claims processing, balloting, and related administrative services incidental to its role as notice, claims processing, and balloting agent as the Debtors or the Clerk's Office may request from time to time.

5. The Debtors require Epiq's advice and services in order to efficiently manage these chapter 11 cases. These services will not duplicate the services that other professionals

4

provide in these chapter 11 cases. By focusing on providing notice, claims processing, and balloting services, Epiq will carry out distinct and unique functions. Epiq will also use reasonable efforts to coordinate with the Debtors' other retained professionals to avoid the unnecessary duplication of services.

### Professional Compensation

6. The compensation arrangement provided for in the Services Agreement is consistent with, and typical of, arrangements entered into by Epiq and other such firms with respect to rendering similar services for clients such as the Debtors. The Debtors will pay Epiq's fees and expenses, without further order of the Court, upon the submission of monthly invoices by Epiq summarizing, in reasonable detail, the services for which compensation is sought.

### Epiq's Disinterestedness

7. Although the Debtors do not propose to retain Epiq under section 327 of the Bankruptcy Code, Epiq has nonetheless conducted a conflicts analysis. To the best of my knowledge, information, and belief, insofar as I have been able to ascertain after reasonable inquiry, neither Epiq nor any of its employees holds or represents an interest adverse to the Debtor's estates nor has a connection to the Debtors, their creditors, the Office of the United States Trustee or any employees thereof, or any party in interest herein, except as provided below, with respect to any matter for which Epiq will be employed.

8. Epiq may have relationships with certain of the Debtor's creditors as vendors or in connection with cases in which Epiq serves or has served in a neutral capacity as claims, noticing and/or balloting agent for another chapter 11 debtor. To the best of my knowledge, such relationships are completely unrelated to these chapter 11 cases.

9. Additionally, Epiq employees may, in the ordinary course of their personal affairs, have relationships with certain creditors or other parties in interest of the Debtors. For

5

example, one or more of Epiq's employees may have obligations outstanding with financial institutions that are creditors of the Debtors or may have used the Debtors' services. However, to the best of my knowledge, such relationships, to the extent they exist, are of a personal financial nature and completely unrelated to these chapter 11 cases. Epiq has and will continue to represent clients in matters unrelated to these chapter 11 cases. Finally, Epiq has had, and will continue to have, relationships in the ordinary course of its business with certain vendors, professionals, and other parties in interest that may be involved in the Debtors' cases in matters unrelated to these chapter 11 cases.

10. Epiq shares a corporate parent with certain companies that provide integrated technology products and services to the legal profession for electronic discovery, class action settlements, financial transactions, chapter 7 and 13 bankruptcy, litigation, and regulatory compliance. Given the legal and operational separateness of Epiq from its affiliates and the administrative nature of the services performed by such companies, Epiq does not believe that a conflict would arise solely from any relationship or claim of an Epiq affiliate or its corporate parent.

11. I am not related or connected to and, to the best of my knowledge, no other professional of Epiq is related or connected to any United States Bankruptcy Judge or the United States Trustee for the District of Delaware or to any employee in the offices thereof.

12. Should Epiq discover any new relevant facts or relationships bearing on the matters described herein during the period of its retention, Epiq will use reasonable efforts to file promptly a supplemental declaration. Thus, to the best of my knowledge, information, and belief, insofar as I have been able to ascertain after reasonable inquiry, Epiq and its employees are "disinterested persons," as that term is defined in section 101(14) of the Bankruptcy Code.

6

K&E 16761179

13. On behalf of Epiq, I hereby represent that

   a. Epiq, in its capacity as claims, notice and balloting agent ("Agent"), is not and will not be employed by the U.S. government or any federal agency (collectively, the "Government") and will not seek any compensation from the Government;

   b. By accepting employment in these chapter 11 cases, Epiq waives any right to receive compensation from the Government;

   c. In its capacity as Agent, Epiq is not an agent of the Government and is not acting on behalf of the Government;

   d. Epiq will not misrepresent any fact to the public; and

   e. Epiq will not employ any past or present employees of the Debtors in connection with its work as the Agent in these chapter 11 cases.

14. There is no agreement or understanding between Epiq and any other person or entity for sharing compensation received or to be received for services rendered by Epiq in connection with these chapter 11 cases.

15. Epiq will comply with all requests of the Clerk's Office and follow the guidelines promulgated by the Judicial Conference of the United States for the implementation of 28 U.S.C. § 156(c).

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

Executed on May 26, 2010

By: *[signature]*

Daniel C. McElhinney
Executive Director
Company:   Epiq Bankruptcy Solutions, LLC
Address:   757 Third Avenue
           New York, NY 10016
Tel. No.:  (646) 282.2551
Fax No.:   (646) 282-2501