# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| NORTH AMERICAN PETROLEUM | ) Case No. 10-11707 (CSS) |
| CORPORATION USA, *et al.*,[1] | ) |
| | ) |
| Debtors. | ) Jointly Administered |
| | ) |
| | ) **Re Docket No. 791** |

## ORDER APPROVING SETTLEMENT AGREEMENT AND ASSET TRANSFER

Upon the motion (the "Motion")[2] of the above-captioned debtors and debtors in possession (collectively, the "Debtors") for the entry of an order (this "Order") authorizing the Debtors to enter into, and approving, the Settlement Agreement and the Equal APA (collectively, the "Agreements"), all as more fully set forth in the Motion; and it appearing that the relief requested is in the best interests of the Debtors' estates, their creditors, and other parties in interest; and the Court having jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334; and consideration of the Motion and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and after due deliberation and sufficient cause appearing therefor,

---

[1] The Debtors in the above-captioned chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number or Canadian corporation number, include: North American Petroleum Corporation USA (9766); Prize Petroleum LLC (2460); and Petroflow Energy Ltd. (517-5). The location of the Debtors' corporate headquarters and the Debtors' service address is: 525 South Main Street, Suite 1120, Tulsa, Oklahoma 74103, Attn: Louis G. Schott.

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Motion.

K&E 18999561

IT IS HEREBY FOUND AND DETERMINED THAT:

A. Notice of the Motion was good, sufficient, and appropriate under the particular circumstances, and no other or further notice of the Motion or the Settlement Agreement or the Equal APA, is or shall be required. A reasonable opportunity to object or be heard with respect to the Motion and the relief requested therein has been afforded to all interested persons and entities.

B. As demonstrated by the testimony and other evidence in the Roy Declaration and adduced at the Hearing and the representations of counsel made on the record at the Hearing, (i) the relief requested in the Motion and entry into the Agreements are in the best interests of the Debtors, their estates, and creditors (ii) the terms of the Settlement Agreement satisfy the requirements of FED. R. BANKR. P. 9019, (iii) the settlement and compromise embodied in and contemplated by the Agreements is within the range of reasonableness, and (iv) the Debtors' entry into the Agreements constitutes a valid and sound exercise of the Debtor's business judgment pursuant to Bankruptcy Code § 363(b).

C. The Debtors have full corporate power and authority to execute and deliver the Agreements and all other documents contemplated thereby, and no further consents or approvals are required, except as otherwise set forth in the Settlement Agreement or the Equal APA, as applicable.

D. This Order constitutes a final and appealable order within the meaning of 28 U.S.C. § 158(a). To any extent necessary under Bankruptcy Rule 9014 and Rule 54(b) of the Federal Rules of Civil Procedure as made applicable by Bankruptcy Rule 7054, the Court expressly finds that there is no just reason for delay in the implementation of this Order, and expressly directs entry of judgment as set forth herein.

K&E 18999561

E.  The Purchase Properties constitute property of the Debtors' estate and title thereto is vested in the Debtors' estate within the meaning of section 541(a) of the Bankruptcy Code.

F.  Due, proper, timely, adequate, and sufficient notice of the assumption and assignment of the Assigned Contracts and the Assumed Liabilities has been provided in accordance with Bankruptcy Rules 2002, 6004, 6006, 9006, 9007, 9008 and 9014, Local Rule 6004-1, (ii) such notice was good and sufficient, and appropriate under the circumstances, and (iii) no other or further notice shall be required.

G.  Good and sufficient reasons for approval of the Agreements and the sale of the Purchase Properties pursuant to the Equal APA have been demonstrated and articulated in the record. The relief requested in the Motion is within the reasonable business judgment of the Debtors, and is in the best interests of the Debtors, their estates, their creditors and other parties in interest. The Debtors have demonstrated both (i) good, sufficient, and sound business purpose and justification and (ii) compelling circumstances for the entry into the Agreements and the consummation of the sale of the Purchase Properties pursuant to section 363(b) of the Bankruptcy Code.

H.  The negotiations among Equal, Lenders and the Debtors regarding the Agreements were non-collusive, in good faith, and substantively and procedurally fair to all parties. The Debtors, Lenders and Equal thoroughly negotiated the terms and conditions of the Agreements in good faith and at arm's length, Equal and Lenders have entered into the Agreements to which they are parties in good faith, and Equal is a good faith purchaser within the meaning of section 363(m) of the Bankruptcy Code entitled to the protections and immunities afforded thereby. None of the Debtors, Lenders or Equal have engaged in any conduct that would prevent the application of section 363(m) of the Bankruptcy Code or cause the application

3

K&E 18999561

of, or implicate, section 363(n) of the Bankruptcy Code to the Agreements, or to otherwise prevent the consummation of the Agreements and sale of the Purchase Properties. In the absence of a stay pending appeal, Equal and Lenders will be acting in good faith within the meaning of section 363(m) of the Bankruptcy Code in closing the transactions set forth in the Agreements at any time after the entry of this Order. Neither Equal nor Lenders is an "insider" of any of the Debtors, as that term is defined in section 101 of the Bankruptcy Code.

I. The transfer of the Purchase Properties together with the Assumed Liabilities pursuant to the Equal APA is a legal, valid, and an effective transfer of good and marketable title of such property and vests, or will vest, Equal with all of the Debtors' right, title, and interest in the Purchase Properties, free and clear of all liens, claims, encumbrances and other interests of any kind or nature, because one or more of the standards set forth in sections 363(f)(1)-(5) of the Bankruptcy Code have been satisfied.

J. Equal would not have entered into the Equal APA and would not consummate the transactions contemplated thereby, thus adversely affecting the Debtors, their estates, and their creditors, if either (i) the sale, including, without limitation, the assignment of the Assigned Contracts to Equal, was not free and clear of all liens, claims and encumbrances and other interests of any kind or nature whatsoever, except those expressly assumed by Equal in the Equal APA, or (ii) Equal would, or in the future could, be liable for any of such liens, claims, encumbrances and other interests, including, but not limited to, rights of setoff and any claims against Equal based upon successor or vicarious liability or otherwise.

K. Lenders would not have consented to the sale of the Purchase Properties to Equal pursuant to the Equal APA free and clear of all liens, claims, encumbrances and other interests of

Lenders absent the simultaneous delivery to Lenders of the Debtor Payment Amount and the Lender Tax Rebate Assignment under the Settlement Agreement.

L. Subject to the simultaneous delivery to Lenders of the Debtor Payment Amount and the Lender Tax Rebate Assignment (as those terms are defined in the Settlement Agreement), the Debtors may sell the Purchase Properties to Equal free and clear of all liens, claims, encumbrances and other interests of any kind or nature whatsoever, except as otherwise provided in the Equal APA, because, in each case, one or more of the standards set forth in 11 U.S.C. § 363(f)(1)-(5) has been satisfied. Those parties with interests in the Purchase Properties who did not object, or who withdrew their objections, to the sale or the Motion are deemed to have consented to the sale pursuant to sections 363(f)(2) and 365 of the Bankruptcy Code. Those parties with interests in the Purchase Properties who did object fall within one or more of the other subsections of 363(f) and 365 of the Bankruptcy Code. Accordingly, all persons having such liens, claims, encumbrances and other interests of any kind or nature whatsoever against or in any of the Purchase Properties, shall be forever barred, estopped and permanently enjoined from pursuing or asserting such liens, claims, encumbrances and other interests against the Purchase Properties, Equal or any of its assets, property, successors or assigns, and subject to Debtors' performance of their obligations to Lenders under the Settlement Agreement, and without limiting such obligations, all persons having such liens, claims, encumbrances and other interests of any kind or nature constituting Assumed Liabilities shall be forever barred, stopped and permanently enjoined from pursuing or asserting such liens, claims, encumbrances and other interests against the Debtors.

K&E 18999561

M.   The Debtors have demonstrated that the assumption and assignment of the Assigned Contracts is an exercise of their sound business judgment and is in the best interests of the Debtors, their estates, their creditors and other parties in interest.

N.   The Debtors may assume each Assigned Contract and assign each of them to Equal pursuant to sections 363 and 365 of the Bankruptcy Code and this Order notwithstanding any anti-assignment clause or other similar provision in the Assigned Contract or any legal restriction applicable thereto, as provided by the Bankruptcy Code, including, without limitation, sections 105, 363 and 365(f) thereof. The assumption and assignment of the Assigned Contracts is in the best interest of the Debtors and their estates, creditors and other parties in interest, representing the reasonable exercise of sound and prudent business judgment by the Debtors.

O.   The occurrence of a closing under the Equal APA is expressly subject to and conditioned upon the simultaneous delivery to Lenders of the Debtor Payment Amount and the Lender Tax Rebate Assignment under and in accordance with the terms of the Settlement Agreement.

P.   The Debtors have provided proper and sufficient notice of the proposed assignment and assumption of the Assigned Contracts, including the Cure Amounts. Such notice was sufficient to provide all such parties an opportunity to object. All parties that have not objected to the sale, including, without limitation, the transfer and assignment of the Purchase Properties, the Assumed Liabilities and the Assigned Contracts to Equal, are deemed to consent to such transfer and assignment and to the corresponding Cure Amounts listed on the schedule of Assigned Contracts annexed as Exhibit 1 to the Sale Notice.

Q.   The Debtors shall be authorized to consummate the sale notwithstanding any objection related to disputed Cure Amounts. Equal and the Debtors have provided evidence of

K&E 18999561

adequate assurance of future performance by Equal under the Assigned Contracts. Equal has demonstrated that it has the financial wherewithal to fully perform and satisfy the obligations under the Assigned Contracts as required by sections 365(b)(1)(C) and 365(f)(2)(B) of the Bankruptcy Code.

R. Equal (i) has cured, or has provided adequate assurance of cure, of any default existing prior to the date hereof under any of the Assigned Contracts, within the meaning of 11 U.S.C. § 365(b)(1)(A), and (ii) has provided compensation or adequate assurance of compensation to any party for any actual pecuniary loss to such party resulting from a default prior to the date hereof under any of the Assigned Contracts, within the meaning of 11 U.S.C. § 365(b)(1)(B).

S. The Cure Amounts, if any, set forth on <u>Exhibit 1</u> to the Sale Notice with respect to each Assigned Contract are the sole amounts necessary under sections 365(b)(1)(A) and (B) and 365(f)(2)(A) of the Bankruptcy Code to cure all defaults and pay all actual pecuniary losses under the Assigned Contracts.

T. Time is of the essence in consummating the Agreements. In order to maximize the value of the Purchase Properties, it is essential that the sale and a closing under the Agreements occur promptly, and in all events on or before June 1, 2011. Accordingly, there is cause to waive the stays contemplated by Bankruptcy Rules 6004 and 6006.

U. An objection (the "<u>Objection</u>") to the *Debtors' Motion for Entry of an Order Approving (I) Settlement Agreement and (II) Asset Transfer* was filed by the Official Committee of Unsecured Creditors (the "<u>Committee</u>"). Subsequent thereto the Committee and the Debtors, by and through their respective counsel and agents, engaged in discussions and reviewed analysis prepared by the Debtors relating to the Debtors' remaining assets following approval of the

Motion, and the allocation of assets for reorganization purposes, including the amount and availability of assets to satisfy allowed claims of unsecured creditors within the NAPCUS case. As a result of, and based upon, those discussions and other information provided by the Debtors, indicating that, following approval of the Motion and closing of the settlement and sale and entry of certain claim holder agreements, sufficient cash will be available to be allocated under the plan of reorganization discussed with the Committee to pay in full in cash all allowed unsecured creditors within the NAPCUS and Prize Petroleum cases who elect, under such plan, to be paid in cash (instead of equity), and therefore rendering the Objection moot and withdrawn. The Committee reserves all rights to object to the plan of reorganization to the extent terms of the proposed plan are inconsistent with provisions set forth herein.

NOW THEREFORE, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED THAT:

1. The Motion is granted.

2. All objections to the Motion and to entry of this Order and the relief provided herein that have not been withdrawn, and all reservations of rights included therein, are hereby overruled on the merits.

3. The Settlement Agreement, including, without limitation, the related documents, transactions and releases set forth therein, and all terms and conditions contained therein, are hereby approved in all respects pursuant to Bankruptcy Rule 9019 and Bankruptcy Code section 363. The Debtors, Lenders and Equal, and their affiliates, officers, directors, employees and agents, are authorized and directed to immediately take such actions are necessary or appropriate to consummate and implement the Settlement Agreement.

K&E 18999561

4. The Equal APA (including, without limitation, all of the related documents, exhibits, schedules, lists and agreements), all of the terms and conditions thereof and the transactions contemplated thereby are hereby approved in their entirety.

5. The occurrence of the Closing under and as defined in the Equal APA, and the Sale of the Purchase Properties to Equal under the Equal APA, are expressly subject to and conditioned upon the terms of the Settlement Agreement and the simultaneous delivery to Lenders of the Debtor Payment Amount and the Lender Tax Rebate Assignment. The transfer to the Lenders of the Debtor Payment Amount and the Lender Tax Rebate Assignment shall be free and clear of all liens, claims, encumbrances and other interests pursuant to and in accordance with section 363(f) of the Bankruptcy Code, and shall be irrevocable and indefeasible.

6. The Sale Notice, attached as Exhibit B to the Motion, is approved and the Debtors are authorized to serve such notice upon the Notice Parties and such services shall be deemed sufficient and adequate notice of the Motion, the proposed assumption and assignment of the Assigned Contracts, the Cure Amounts and all transactions contemplated to be undertaken in the Agreements.

7. The sale of the Purchase Properties to Equal is approved pursuant to sections 105, 363 and 365 of the Bankruptcy Code, and the Debtors and Equal and their affiliates, officers, directors, employees and agents are authorized and directed to immediately take such actions as are necessary or appropriate to consummate and implement the Equal APA. The terms and conditions of the Equal APA are hereby approved in all respects.

8. The transfer of assets pursuant to the Agreements shall be free and clear of all liens, claims, encumbrances, and other interests in accordance with section 363(f) of the Bankruptcy Code, with Lenders' liens, claims, encumbrances and other interests attaching to the

proceeds of the sale to Equal under the Equal APA and being satisfied and released upon Lenders' irrevocable and indefeasible receipt of the Debtor Payment Amount and the Lender Tax Rebate Assignment in accordance with the provisions of the Settlement Agreement.

9. The transfer of assets pursuant to the Agreements is in "good faith" within the meaning of section 363(m) of the Bankruptcy Code and, as such, Equal and Lenders are entitled to all of the protections afforded thereby in the event of a reversal or modification on appeal of this Order.

10. None of the Debtors, Lenders or Equal has engaged in any conduct that would cause or permit all or any part of the transfer or any obligation of the Debtors under the Settlement Agreement or the Equal APA to be avoided under section 363(n) of the Bankruptcy Code.

11. The suspended revenues on deposit at Texas Capital Bank, N.A., referenced in paragraph 5 of the Settlement Agreement, currently held in an account styled, North American Petroleum Corporation USA Debtor in Possession Suspense Account in an amount of $7,256,514.34 (the "Suspended Revenues") shall, upon receipt of the Fund (as defined in the Settlement Agreement) by the Lenders, be deemed automatically to have been released to the Lenders, free and clear of all liens, claims, encumbrances, and other interests.

12. Pursuant to sections 105(a) and 365 of the Bankruptcy Code, and subject to and conditioned upon the consummation of the sale of the Purchase Properties, the Debtors' assumption and assignment to Equal of the Assigned Contracts is hereby approved, and the requirements of section 365(b)(1) of the Bankruptcy Code with respect thereto are hereby deemed satisfied.

13. Pursuant to section 365(k) of the Bankruptcy Code, the Debtors and their respective estates shall be relieved from any liability for any breach of an Assigned Contract after such assignment to and assumption by Equal.

14. Each nondebtor party to an Assigned Contract hereby is forever barred, estopped, and permanently enjoined from asserting against the Debtors or Equal, or the property of any of them, any default existing as of the date of the entry of this Order, whether declared or undeclared or known or unknown; or, against Equal, any counterclaim, defense, setoff or any other claim asserted or assertable against the Debtors.

15. Any provision or other legal restriction limiting the assignment or transfer of any of the Assigned Contracts or other Purchase Properties shall be null, void and of no force and effect in connection with the assignment or transfer to Equal.

16. To the extent that this Order is inconsistent with any prior order of this Court or pleading with respect to the Motion in these chapter 11 cases, the terms of this Order shall govern.

17. The Debtors, Equal and the Lenders are authorized to perform any and all acts, execute and deliver all documents and consummate and implement all instruments that are necessary or appropriate to implement the Agreements.

18. All entities that are in possession of some or all of the assets transferred pursuant to the Equal APA are directed to surrender possession of such assets at the Closing (as defined in the Equal APA), or such other time as Equal may reasonably require.

19. Except as otherwise expressly provided for in this Order or the Agreements, Equal shall not have any debt, liability or other obligation of, or claims against, the Debtors or their Estates arising under or related to any of the assets acquired under the Equal APA.

20. On or before ten (10) days after the occurrence of the Closing under and as defined in the Equal APA (the "Deadline"), all persons and entities asserting or holding liens, claims, encumbrances and other interests in the assets transferred pursuant to the Equal APA shall execute such documents and take all other actions as may be necessary or appropriate to release any and all such liens, claims, encumbrances and other interests on such assets, if any, as provided for herein, as such liens, claims, encumbrances and other interests may have been recorded or may otherwise exist. Equal shall prepare such documents for review and comment by any persons and entities asserting or holding such liens, claims, encumbrances and other interests. If any person or entity which has filed statements or other documents or agreements evidencing a lien, claim, encumbrance or other interest on all or any portion of the assets transferred pursuant to the Equal APA shall not have delivered to Equal on or before the Deadline, in proper form for filing and executed by the appropriate parties, termination statements, instruments of satisfaction, releases of liens and easements, and any other documents necessary for the purpose of documenting the release of all liens, claims, encumbrances and other interests which the person or entity has or may assert with respect to all or any portion of the assets transferred pursuant to the Equal APA, Equal is hereby authorized, to execute and file such statements, instruments, releases and other documents on behalf of such person or entity with respect to the he assets transferred pursuant to the Equal APA. A certified copy of this Order may be filed with the appropriate clerk and/or recorded with the recorder to evidence the release, cancellation and discharge of any of the liens, claims, encumbrances and other interests of record as against any of the assets transferred pursuant to the Equal APA.

21. This Order is and shall be binding upon and govern the acts of all persons and entities, including, without limitation, all Governmental Entities, all filing agents, filing officers,

K&E 18999561

title agents, title companies, recorders of mortgages, recorders of deeds, registrars of deeds, administrative agencies, governmental departments, secretaries of state, federal and local officials, and all other persons and entities who may be required by operation of law, the duties of their office, or contract, to accept, file, register or otherwise record or release any documents or instruments, or who may be required to report or insure any title or state of title in or to any lease; and each of the foregoing persons and entities is hereby directed to accept for filing any and all of the documents and instruments necessary and appropriate to consummate the transactions contemplated by the Equal APA.

22. Effective upon the occurrence of the Closing (as defined in the Equal APA), all persons and entities, including any successors, assigns or designees of such persons or entities, are forever prohibited and permanently enjoined from commencing or continuing in any manner any action or other proceeding, whether in law or equity, in any judicial, administrative, arbitral or other proceeding against Equal, its successors and assigns, its properties or the assets acquired under the Agreements, with respect to any (a) liens, claims, encumbrances and other interests arising under, out of, in connection with or in any way relating to the assets acquired under the Equal APA, or the operation of the assets acquired under the Equal APA prior to the Closing (as defined in the Equal APA), or (b) successor or transferee liability (whether under federal or state law or otherwise) including, without limitation, the following actions: (i) commencing or continuing in any manner any action or other proceeding against Equal, its successors, assets or properties, (ii) enforcing, attaching, collecting or recovering from Equal, its successors and assigns, or its properties, in any manner, any judgment, award, decree or order entered against the Debtors, (iii) creating, perfecting or enforcing any liens, claims, encumbrances and other interests in the assets acquired under the Equal APA against Equal, its successors and assigns,

K&E 18999561

(iv) asserting any right of setoff, subrogation or recoupment such person or entity has against the Debtors against any obligation due Equal or its successors or assigns, (v) commencing or continuing any action, in any manner or place, that does not comply or is inconsistent with the provisions of this Order or other orders of the Court, or the agreements or actions contemplated or taken in respect thereof, or (vi) revoking, terminating or failing or refusing to issue or renew any license, permit or authorization to operate any of the assets acquired under the Equal APA or conduct any of the businesses operated with the assets acquired under the Equal APA.

23. All persons and entities are hereby forever prohibited and enjoined from (a) taking any action that would adversely affect or interfere with the ability of the Debtors to sell and transfer the assets transferred pursuant to the Equal APA in accordance with the terms of the Equal APA and this Order, and (b) taking any action that would adversely affect or interfere with the ability of the Equal to acquire, own and operate the assets transferred pursuant to the Equal APA.

24. Effective upon the occurrence of the Settlement Effective Date (as defined in the Settlement Agreement), all persons and entities, including any successors, assigns or designees of such persons or entities, are forever prohibited and permanently enjoined from commencing or continuing in any manner any action or other proceeding, whether in law or equity, in any judicial, administrative, arbitral or other proceeding against Lenders, their successors and assigns, or the assets acquired by Lenders under the Settlement Agreement, with respect to any (a) liens, claims, encumbrances and other interests arising under, out of, in connection with or in any way relating to the assets acquired by Lenders under the Settlement Agreement, or the use of the assets acquired by Lenders under the Settlement Agreement prior to the Settlement Effective Date (as defined in the Settlement Agreement), or (b) transferee liability (whether under federal

or state law or otherwise) including, without limitation, the following actions: (i) commencing or continuing in any manner any action or other proceeding against Lenders, their successors or assets, (ii) enforcing, attaching, collecting or recovering from Lenders, their successors and assigns, in any manner, any judgment, award, decree or order entered against the Debtors, (iii) creating, perfecting or enforcing any liens, claims, encumbrances and other interests in the assets acquired by Lenders under the Settlement Agreement against Lenders, their successors and assigns, (iv) asserting any right of setoff, subrogation or recoupment such person or entity has against the Debtors against any obligation due Lenders or their successors or assigns, or (v) commencing or continuing any action, in any manner or place, that does not comply or is inconsistent with the provisions of this Order or other orders of the Court, or the agreements or actions contemplated or taken in respect thereof.

25. All persons and entities are hereby forever prohibited and enjoined from (a) taking any action that would adversely affect or interfere with the ability of the Debtors to transfer to Lenders the assets to be transferred to Lenders pursuant to the Settlement Agreement in accordance with the terms of the Settlement Agreement and this Order, and (b) taking any action that would adversely affect or interfere with the ability of Lenders to acquire, own and retain the assets transferred to Lenders pursuant to the Settlement Agreement.

26. Notwithstanding anything to the contrary in this Order or otherwise, the parties to the Equal APA and the Settlement Agreement do not release (and reserve their rights with respect to) any claim to enforce, or for breach of, the terms of the Equal APA or the Settlement Agreement, and any such claims are not released, compromised or rendered without effect on account of any provision herein or in the Agreements.

K&E 18999561

27. Notwithstanding Bankruptcy Rules 6004(h) and 6006(d), to the extent applicable, the Court finds that there is no reason for delay in the implementation of this Order and, thus, this Order shall be effective and enforceable immediately upon entry. The Debtors and Equal may consummate the Equal APA at any time after entry of this Order by waiving any and all closing conditions set forth in the Equal APA that have not been satisfied and by proceeding to close the sale without any notice to the Court, any pre-petition or post-petition creditor of the Debtors other than Lenders, or any other party in interest. The Debtors, Lenders and Equal may consummate the Settlement Agreement at any time after entry of this Order by waiving any and all closing conditions set forth in the Settlement Agreement that have not been satisfied without any notice to the Court, any pre-petition or post-petition creditor of the Debtors or any other party in interest.

28. Notwithstanding the provisions of paragraph 17 of this Order, the Debtors and Equal may consummate the Equal APA, and proceed to close on the sale thereunder, prior to this Order becoming final and non-appealable only if Debtors, Lenders and Equal hereafter so agree in writing.

29. The Court retains jurisdiction with respect to all matters arising from or related to the implementation, interpretation and enforcement of this Order.

Dated: 5/17, 2011
Wilmington, Delaware

The Christopher S. Sontchi
United States Bankruptcy Judge

K&E 18999561